## R. LANHAM *v.* THE STATE.

1. INFORMATIONS. — To the validity of a complaint made before a county attorney, under authority of the act of 1876 regulating the duties of county attorneys (Rev. Code Proc., art. 35), the jurat of the officer was essential, and it imported verity. If the recitals of the jurat conflicted with those of the complaint, the former controlled.

2. SAME. — The jurat to a complaint bore date April 2, 1879, but the complaint charged the commission of the offence on the 15th of the same month. *Held*, that the repugnancy was good cause in arrest of judgment, and is fatal to the conviction.

APPEAL from the County Court of Grayson. Tried below before the Hon. S. D. STEEDMAN, County Judge.

*A. E. Wilkinson*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. This was a prosecution and conviction under the act of April 23, 1873 (Gen. Laws 13th Leg., p. 41), for tearing down the fence of another without the consent of the owner.

A motion in arrest of judgment was made, which called in question the sufficiency of the complaint upon which the action was based. The requisites and procedure with regard to a complaint, when made before a county attorney, are prescribed in the thirteenth section of the act of 1876 defining and regulating the duties of county attorneys (Gen. Laws 15th Leg., p. 87), wherein it is provided that, " upon complaint being made before the county attorney that an offence has been committed which the County Court or a justice of the peace has jurisdiction to try, it shall be the duty of said county attorney to reduce the complaint to writing, and cause the same to be signed and sworn to by the complainant, *and it shall be duly attested* by the said county attorney."

The jurat of the officer is not only essential, but must be presumed to import verity to the extent of its declarations. With regard to its necessary recitals, if there is a conflict with the instrument certified, it must control. In the complaint before us, it appears that the county attorney certifies in his jurat that it was sworn to and subscribed before him on the second day of April, A. D. 1879. In the body of the complaint the offence is charged to have been committed " on or about the 15th day of April, A. D. 1879 "— thirteen days after the complaint was made. If the jurat is to be taken as true, then the offence complained of had not been committed when the complaint was made and attested. There is an irreconcilable incompatibility between them, and the motion in arrest of judgment should have been sustained.

Judgment is reversed and the cause remanded.

*Reversed and remanded.*